**JIALIU YANG, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 06–75174.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Aug. 31, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jialiu Yang, Rosemead, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sada Manickam, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jialiu Yang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial on the basis of an adverse credibility finding, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and review de novo due process claims, *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932 (9th Cir.2007). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the omissions from Yang's asylum application of his wife's forced sterilization and the fact that Yang sent letters to three government agencies informing them of his boss' corruption, *see Li*, 378 F.3d at 962–64 (adverse credibility finding

supported when omissions from asylum application go to heart of claim), and Yang's insufficient explanation for the omissions, *see de Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997) (adverse credibility finding supported when no satisfactory explanation for discrepancies central to claim). In the absence of credible testimony, Yang failed to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Yang's CAT claim is based on the same testimony the agency found not credible, and Yang does not point to any other evidence that shows it is more likely than not he would be tortured if returned to China, his CAT claim fails. *See id.* at 1156–57.

The record does not support Yang's claim that the IJ violated his due process rights by imposing herself on the proceedings, *see Halaim v. INS*, 358 F.3d 1128, 1137 (9th Cir.2004), or by placing undue focus on Yang's role in the eviction of homeowners, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.